FRANK TRICOMI, Plaintiff, v. PALUMBO CIGAR Co., INC., et al., Defendants.

Supreme Court, Special Term, New York County, April 2, 1948.

*Martin Gottlieb* for plaintiff.

*Andrew S. Fraser* for defendants.

LEVY, J. This action is brought under the Fair Labor Standards Act of 1938, as amended (U. S. Code, tit. 29, § 201 *et seq.*), to recover overtime pay. Plaintiff moves to strike the fourth, fifth and sixth defenses contained in the supplemental answers, based on the so-called Portal-to-Portal Act of 1947 (U. S. Code, tit. 29, § 251 *et seq.*). The fourth defense alleges an agreement with plaintiff as foreman and supervisor at defendants' plant, which limited plaintiff and the employees under him to a maximum of forty-eight hours of work each week. To the extent plaintiff worked more than forty-eight hours each week such work is not compensable and the plaintiff was paid in full for compensable time, and therefore the act of 1947 bars recovery under the act of 1938. The fifth defense is to the effect this court is without jurisdiction to grant judgment to enforce liability based on noncompensable activity. The sixth defense is to the effect that the claims were compromised within the meaning of the act of 1947.

The Portal-to-Portal Act was not intended to affect the disputes in suit. The history of the act clearly imports it was intended to reach demands arising from claimed activities having no direct relation to the business of the employer either by virtue of contract or custom. Defendants do not assert plaintiff was not directly engaged in some way as foreman or otherwise in production in their business, but contend that some of the time devoted to their business was beyond the permissible contract period and therefore no contract or custom exists requiring payment for such extended time of service. This is not the kind or nature of activity whose compensation is proscribed. The fourth and fifth defenses are accordingly insufficient.

The act of 1947 provides that claims under the act of 1938 may be compromised where a bona fide dispute exists, but such compromise shall not provide for basic hourly and overtime pay below required standards. There is no dispute alleged and relied on with respect to salary schedules. There is no dispute alleged and relied on in the sixth defense with respect to hours actually worked. What defendants' claim amounts to is that they paid in full for forty-eight hours each week and the remaining hours worked each week are not compensable. The defense is thus, in fact, dependent upon the validity of the fourth and fifth defenses

as requiring defendants to pay for only forty-eight hours each week, which was done and accepted as full payment. The defense is accordingly insufficient.

The motion is granted.